**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ANDREI WYNN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:26-cv-331-RAH-CWB** |
| | ) | |
| **DONALD VALENZA and COMMANDER MOORE,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

By Order entered June 11, 2026, Plaintiff was directed to remit the sum of $14.40 to the clerk of court as an initial partial filing fee. (*See* Doc. 7). And Plaintiff was cautioned that if he failed to pay the initial partial filing fee, "**the Magistrate Judge will recommend that this case be dismissed, and dismissal will not be reconsidered unless exceptional circumstances exist**." (*Id*. at p. 2). Plaintiff further was instructed that "**[i]f [he] is unable to pay the initial partial filing fee in the time allowed by this Order, he must inform the court and request an extension**." (*Id*.). Despite the court's instructions and admonition, Plaintiff did not comply or take other action by the imposed deadline of June 25, 2026.

A court "may ... dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306-07 (11th Cir. 2025) (cleaned up); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard

of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306; *see also Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (stating that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"). Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo*, 864 F.2d at 102 (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (emphasis omitted)). "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306 (emphasis in original). Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this action be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **August 10, 2026**. *See Wilson v. Sargent*, 313 F.3d 1315, 1321 (11th Cir. 2002) (explaining that an inmate must be afforded an opportunity to demonstrate that he attempted to comply with a payment directive). An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to

findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be filed only as to an appealable order entered by the District Judge.

**DONE** this the 27th day of July 2026.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**